CARROLL CONTRACTING COMPANY, Respondent, v. HILL-O'MEARA CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, December 5, 1911.

BUILDING CONTRACTS: Interpretation: Recovery for Extra Work: Facts Stated. A contract provided that the obligor should do certain excavation work for a building, according to plans and specifications, for a certain sum. The specifications provided that the entire site was to be excavated by the owner to "within approximately six inches of the basement floor," and further provided that "the old stone walls or other objects interfering with the new work are to be removed." The owner left an old foundation wall and a sloping embankment on the site, and the obligor was compelled to remove them to make the site conform to the specifications. In an action by the obligor to recover the reasonable value of doing the work of such removal, *held*, that the contract contemplated the removal by plaintiff of such walls and interfering objects only as the owner was not obligated to remove, and that the owner was obligated to remove the walls and embankment in question, since it had agreed to excavate the entire site to "within six inches of the basement floor," and hence plaintiff was entitled to recover.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Collins & Chappell* for appellant.

*Lyon & Swarts* and *Dwight D. Currie* for respondent.

STATEMENT.—This appeal involves the right of the plaintiff to recover the reasonable value of two items of "extra" work done by the plaintiff at the instance of the defendant. The plaintiff had contracted to do certain earth excavating work for a definite sum and the defendant insists that the so-called "extra" work should have been done under that contract without additional compensation. As the trial court, sitting as a jury, found in favor of the plaintiff on that issue, the defendant has appealed. The contract between the parties consisted of a proposal made by the plaintiff to the defendant and its acceptance by the defendant. The body of the proposal was as follows: "We propose to do the earth excavating for Kinloch Phone Bldg. on N. W. corner of 10th and Locust St. according to plans and specifications for the sum of ($3430.00) thirty-four hundred and thirty 00-100 Dollars." The pertinent portions of the plans and specifications referred to were as follows: "General Description and Dimensions. . . . *The entire site is to be excavated by the owner down to the approximate depth of the basement,* and the retaining wall built along the east and south sides, extending under the sidewalk; all done as per plan of excavation accompanying the general plans. . . . . Excavation:—Earth to be removed to the necessary depth and extent for the formation of the basement floor together with all piers, footings, foundations, areas, hoists, pits, boiler room, coal room and passages near the northwest corner of the building. *The excavation done by the owner is within approximately 6" of the required depth for basement floor.* The old

stone walls or other objects wherever interfering with the new work, are to be removed.''

It will be noted that under the specifications the owner, and not this plaintiff, was to excavate the entire site down to within approximately six inches of the required depth for the basement floor. As thus required, the owner, under another contract, caused the old buildings on the site to be wrecked and removed, and caused the entire site to be excavated, *except* that it left standing an old foundation wall on the north and west sides of the site and also on the north side a ''bourne'' or sloping embankment. Said wall and ''bourne'' had been left to serve as a brace or support to keep the adjoining property from caving in. So when plaintiff came upon the site to commence its work at the point where the owner should have left off, viz., with the entire site already excavated to the depth mentioned, it found this rock wall and ''bourne'' standing on the site and at an elevation above the point to which the owner should have excavated. It was necessary that this rock wall and ''bourne'' should be removed in order for plaintiff to do the earth excavating it had agreed to do. The plaintiff removed them at the instance of the defendant, the ''bourne'' containing some nineteen and two-thirds cubic yards of earth and the wall some one hundred and eighty-five cubic yards of rock. The trial court allowed the plaintiff compensation for these two items in addition to the contract price. The defendant does not dispute the reasonableness of the charges, but contends that these two items of work should have been done under the contract without additional charge.

CAULFIELD, J. (after stating the facts).—The defendant's contention that the wall and embankment should have been removed by the plaintiff under its contract without extra charge does not meet with our

approval. The specifications expressly provided that *the entire* site was to be excavated by the owner down to "within approximately six inches of the required depth for basement floor." The "entire site" could not be "excavated by the owner" without the owner removing this wall and "bourne," because they occupied a portion of the site and were elevated above the depth to which the owner was required to excavate. It is true that the specifications under the head of "Excavation" provided that "the old stone walls or other objects wherever interfering with the new work are to be removed," but when the specifications are read and construed as a whole the part last above quoted could mean nothing more in any event than that plaintiff should remove interfering walls and other objects which the owner was not obligated to remove. The plaintiff had every reason to expect, reading these specifications, that when it came to perform its contract it would find the "entire site" "excavated by the owner" down to within approximately six inches of the required depth. The specifications expressly so provide. Plaintiff's work under the contract was to do only the excavating required after, not before, the owner had excavated to the depth mentioned. Any work that plaintiff was required to do to bring the excavating down to where the owner had agreed to bring it was outside of plaintiff's contract. The removal of the wall and "bourne" was clearly of that sort. The defendant it seems, by a separate contract, had agreed with the owner to do the latter's share of the excavating, and when it shifted part of that extra task to the plaintiff it became liable to compensate plaintiff additionally therefor.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.